IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

Joe Hunsinger
  Plaintiff Pro-Se

v.              Civil Action No:    3-21CV2846-N

OFFER, LLC, and
MICHAEL SCHUTZE,
  Defendants

DEFENDANT'S MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM AND MEMORANDUM IN SUPPORT AND REQUEST TO DECLARE JOE HUNSINGER A VEXATIOUS LITIGANT

Defendants, Offer, LLC and Michael Schutze, file this Motion to Dismiss Plaintiff's suit for failure to state a claim upon which relief can be granted, as authorized by Federal Rule of Civil Procedure 12(b)(6). Subject to the Motion to Dismiss, Defendants and requests this Court to Declare Plaintiff a Vexatious Litigant.

A. Introduction

1. Plaintiff is Joe Hunsinger, a serial pro-so litigant; defendants are Offer LLC, a Texas limited liability company, and Michael Schutze, and individual residing in the State of Texas. Mr. Hunsinger has filed over 50 cases pro se in Northern District of Texas alone. *Ex. A*.

2. Plaintiff sued defendant for alleged violations of the TCPA. Specifically, Count 1 alleges violations of 47 CFR 64.1200(c)(2) and CFR 64.1200(a)(1). Count 2 alleges violations of CFR 64.1200(c)(2)(ii). Count 3 alleges violations of 64.1200(d)(1)-(6). Count 4 alleges violations of CFR 64.1200(d)(1). Count 5 is not an independent count but a request for treble damages under TBCC Section 305.053, USC 227(c)(5), and 47 CFR 64.1200(a)(2). Count 6 is a request for injunctive relief pursuant to 47 USC 227(b)(3)(A),

1

TBC 305.053, and 47 USC 227. Count 7 is not an independent count, but rather a request for punitive damages.

3. Nowhere in his complaint, did Plaintiff state a claim upon which relief can be granted. Therefore, the court should dismiss plaintiff's suit. Given Plaintiff's inclinations to harass defendants through frivolous litigation, Defendants further request that Plaintiff be declared a vexatious litigant.

B. Factual Background

4. Plaintiff is the textbook definition of a vexatious litigant. He has filed at least 50 cases located in the Northern District of Texas. *Ex. A*. In his latest round of vexatious litigation, Plaintiff has been filing the virtually identical complaint against businesses for alleged violations of the TCPA, a federal law meant to regulate automated telephone marketing.

5. Each of these cases follows the same pattern:

    1. Plaintiff receives a call from a business;

    2. Plaintiff engages the caller, provides his information, provides his email, and asks for a follow up. Plaintiff asserts this is so "he can investigate his claim."

    3. Plaintiff then sues the business for violations of the TCPA.

*See e.g. Hunsinger v. A&C Capital Interests, LLC*, Case No. 3-21CV0798-X; *Hunsinger v. Multi-Housing Trust, LLC*, Case No. 3-21CV0800-C; *Hunsinger v. JZ Homebuyers, LLC*, Case No. 3-21CV0801-N; *Hunsinger v. MZ Fischer Holdings, LLC*, Case No. 3-21CV0803-N; *Hunsinger v. Velpermont Group, LLC*, Case No. 3-21CV0799-G; *Hunsinger v. Equity of Texas, LLC*, Case No. 3-21CV0802-N; *Hunsinger v. Ellis Acquisitions, LLC*, Case No. 3:21-cv-00804-B. *See also Ex. A.*

6.     Almost every time the opposing party mounts any opposition whatsoever, Plaintiff then moves to dismiss the case. *See e.g. Hunsinger v. Ellis Acquisitions*, Case No. 3:21-cv-00804-B. In cases where a motion to dismiss is not filed, Plaintiff, upon information and belief, frequently settles for nominal sums under the cost of litigation.

7.     In each case, Plaintiff's petition is incoherent, conclusory, vague, and insufficient to form the bases of a suit.

B.  Argument – Motion to Dismiss

8.     The court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that plaintiff cannot prove any set of facts that would entitle it to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). Factual allegations must be enough to raise a right of relief above the speculative level. *Associated Gen. Contractors of Cal, Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

9.     In the complaint, plaintiff alleged the following relevant facts:

    A.    Defendant Offer, LLC is a Texas corporation (¶1.2);

    B.    Defendant Michael Schutze is a Texas resident (¶1.5);

    C.    Defendants initiated seven in person phone calls from the phone number 972-666-9846 (¶6.1);

    D.    The caller of 214-276-6316 wanted to buy real property from the Plaintiff (¶6.2);

    E.    Plaintiff followed the cues of the call, answered questions about his property, and gave his email when requested (¶6.3-6.4, thereby admitting he requested follow up correspondence);

3

  F. Ashely called Plaintiff in response to an email Plaintiff sent (¶6.11); and

  G. Defendant Michael Schutze is the owner of inactive LLC's (¶6.16).

Even if plaintiff proves each of these allegations, plaintiff has not set forth the essential elements of a claim upon which relief can be granted. It is clear that Plaintiff baits businesses who contact him directly and expressing interest in their products or services. Then once the business reciprocates contact, Plaintiff adds up phone calls and text messages and files a TCPA lawsuit. (*See e.g. Case 3:2-cv-01566-M-BT with virtually identical allegations*).

10. In Count 1, Plaintiff attempted to state a cause of action for violations of 47 CFR 64.1200(c)(2) and CFR 64.1200(a)(1). Plaintiff however has admitted that the call(s) and text messages came from a person and not an automatic dialing system. Plaintiff has alleged none of the facts necessary to prove an ATDS was used. *See e.g. Hunsinger v. Alpha Cash Buyers, LLC,* Civil Action No. 3:21-CV-1598-D, N.D. Tex. October 29, 2021. *See also Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1170 (2021). Plaintiff has no factual support in his petition whatsoever that an ATDS was used in the calls or text messaging. In fact, Plaintiff admits that he only received text messages after communicating with Defendant Offer, LLC and requesting follow ups.

11. Courts have consistently held that bald allegations like Plaintiff's are insufficient to plead a cause of action for violations of the TCPA based on ATDS use. *Watts v. Emergency Twenty Four, Inc.*, No. 20:cv-1820, 2021 US Dist. LEXIS 115053, at *13[1]. *Exhibit B*.

---

[1] *See Defendant Greater Than Investment, LLC's Motion to Dismiss*, Case No. 3:21-CV-01566, Docket Entry No. 8.

12.     Plaintiff has also pled, and admitted, that telemarketing applies to "a plan, program, or campaign which is conducted to induce the **purchase** of goods or services or charitable contributions." *See Plaintiff's Petition, ¶3.14*. However, Plaintiff then admits in his petition that the purpose of the call was an inquiry into whether Plaintiff would *sell* real property he owned. Plaintiff has admitted the call he received was not part of a plan, program, or campaign which was conducted to induce the purchase of goods – rather it was a targeted call seeking to acquire a piece of real property. Plaintiff has pled himself out of the statute further by admitting the entire matter was in-state. Plaintiff noted in his petition that the calls did not even come from the same number, making it an impossibility to be part of an automated program. Defendant has also pled that the calls came from numerous different numbers and stated in one paragraph (7) calls were made and in a different one (10). Lastly, Plaintiff has admitted he gave information to Defendant Offer, LLC, including his email address, and asked for a response. When a party *requests* an email and follow up, there can be no violations of the statute. The entirety of Plaintiff's petition is bereft of facts to support his conclusory allegations. By law, Plaintiff has failed to state a cause of action under CFR 64.1200(c)(2) and CFR 64.1200(a)(1). Therefore, even if Plaintiff proves his allegations, he cannot prove the elements necessary to state a claim.

13.     In Count 2, Plaintiff alleges that Defendant violated CFR 64.1200(c)(2)(ii). For the same grounds as set forth above, Plaintiff has failed to state a cause of action for violations of 47 CFR 64.1200(c)(2) (ii).

14.     In Count 3, Plaintiff alleges that Defendant violated CFR 64.1200(d)(1)-(6). However, for the reasons set forth above, Plaintiff has failed to state a cause of action.

Plaintiff has admitted that the relevant statute does not apply, that Plaintiff is not a telemarketer, that he solicited responses himself, that an ATDS was not used, and that calls came from more than one phone number. Plaintiff has failed to state a cause of action for violations of CFR 64.1200(d)(1)-(6).

15. In Count 4, Plaintiff alleges Defendants violated CFR 64.1200(d)(1). However, for the reasons set forth above, Plaintiff has failed to state a cause of action. Plaintiff has admitted that the relevant statute does not apply, that Plaintiff is not a telemarketer, that he solicited responses himself, that an ATDS was not used, and that calls came from more than one phone number. Plaintiff has failed to state a cause of action for violations of CFR 64.1200(d)(1).

16. Counts 5, 6, and 7 are not independent causes of action, but rather a request for treble damages, injunctive relief, and a request for punitive damages. As Plaintiff has not stated a claim on which relief can be granted, he cannot be entitled to relief under Counts 5-7.

17. Lastly, Plaintiff has not pled a single cause of action, set forth a single fact, or even an applicable allegation against the individual Defendant Schutze. The only accusation against Defendant Schutze is that he owns other LLCs. (¶6.16). Plaintiff has failed to state any cause of action against Defendant Schutze.

18. For the above stated reasons, Plaintiff's complaint should be dismissed, with prejudice, in its entirety.

C. Vexatious Litigant

19. Pro Se Plaintiff has been a plaintiff in at least fifty cases in the Northern District of Texas alone. *Ex. A.* Virtually every case that has been closed as been closed after a

nominal settlement, a successful 12(b)(6) by a Defendant, or by the Court's own motion (see *e.g. Hunsinger v. Moon*, Cause No. 3:21-cv-2260-M-BN).

20. District courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants, "which means pro se litigants have no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ruston v. Dallas County,* No. 3:07-cv-1076-D, 2008 WL 958076 at *2 (N.D. Tex. Apr. 9, 2008). There is no constitutional right to prosecute frivolous actions, and preclusion orders are appropriate tools for deterring vexatious filings. *Thander v. Time Warner, Inc*. 352 F. Appx. 891, 900 (5th Cir. 2009). A district court has jurisdiction to impose pre-filing injunctions to deter vexatious, abusive, and harassing litigation. *Ferguson v. MBank Houston, NA*, 808 F.2d 358, 360 (5th Cir. 1986). When a litigant such as Plaintiff is "engaging in a widespread practice of harassment against different people" an injunction prohibiting filings against any party without leave of court is an appropriate remedy. *Ferguson,* 808 F.2d at 360, *citing Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 1986).

21. It should be abundantly obvious to anyone looking at Plaintiff's filing history, case resolution history, and general behavior is that he is the *exact* type of person the vexatious litigant rules were created to help deal with. Plaintiff is simply using his bait and switch tactics (engaging in a call from a business, then suing them for following up with him after he asks for follow ups) to extort money from businesses by settling for less than it costs to prevail on a case or dismissing cases in the fact of opposition. To the best of Defendant's counsel's knowledge, Plaintiff has never substantially engaged in the

7

litigation process. He simply dismisses cases that appear to be headed to discovery and trial if he hasn't gotten his desired settlement.

22. This Court should not permit such behavior to continue. It should sanction Plaintiff monetarily to pay for Defendant's reasonable and necessary attorney's fees and expenses (in an amount to be determined by the trier of fact), declare Plaintiff a vexatious litigant, and enjoin him from filing any further causes of action without leave of Court.

D. Conclusion

23. Because plaintiff did not state a claim upon which relief can be granted, the court should dismiss the suit.

24. This Court should further declare Plaintiff a vexatious litigant, award Defendant its reasonable attorney's fees and expenses (in an amount to be determined by the trier of fact), and enter an injunction prohibiting Plaintiff from filing any further lawsuits without first obtaining leave of Court.

Dated: January 24, 2021

Respectfully Submitted,

**THE LAW OFICES OF CHRISTOPHER WELSH, PLLC**

By: _/s/Christopher Welsh_
Christopher B. Welsh
State Bar No. 24049538
4925 Greenville Ave.
Suite 200
Dallas, Texas 75206
(214) 800-5164
(214) 884-5165 - fax

*Attorney for Defendants*
*Offer, LLC and Michael Schutze*