**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF TEXAS**

CLERK US DISTRICT COURT
SOUTHERN DIST. OF TX
FILED

2022 JAN 27  AM 11: 57

DEPUTY CLERK_____

Joe Hunsinger
 Plaintiff Pro-Se'

**Case No: 3-21-CV-02846-N-BH**

V.

OFFER LLC.
MICHAEL SCHUTZE
 Defendants

# PLAINTIFF'S RESPONSE TO DEFENDANTS
# MOTION TO DISMISS
# AND
# REQUEST OF VEXATIOUS LITIGANT
# (Document #8)

# TABLE OF CONTENTS

INTRODUCTION                                                    7

FACTUAL BACKGROUND                                             8

A    Legislative Background                8

B    Plaintiffs Allegations                8-9

DEFENDANTS ARGUMENTS                                          10

Defendants introduction turns a blind eye to the
legislative background of the TCPA                           10

Defendants Factual background is misleading                  10

Defendants Motion to Dismiss misses the point and
Defendants case authorities are not relevant to
the Plaintiff in this case                                   10-11

PLAINTIFFS ARGUMENTS

Dificulties in identifying callers and their
business practices                                           12

Regulations giving Plaintiff a private right of action and
Federal Standards                                            13

Courts's decisions agree – a citizen has the right to
aggressively enforce his rights and privacy rights           14

Plaintiff's Complaint tips the scales with facts
from the exhibits, affidavit, and this motion                15-17

Unresolved controversy                                       17

# **TABLE OF AUTHORITIES**

Barr v. Am. Ass'n of Political Consultants, 140 S. Ct.
2335, 2343 (2020)                                                                                     7

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)                                                 7

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)                               7

Katrina Canal Breaches Litig., 495 F.3d 191, 205(5th Cir. 2007)       7, 10

Olmstead v. United States, 277 US. 438 (1928)                                         9

Billings v Atkinson, 489 S.W.2d 858, 861 (Tex. 1973)                             9

Charvat v. NMP, Ltd. Liab. Co., 656 F.3d 440, 449 (6th Cir. 2011)      10

Wagner v. CLC Resorts & Devs., Inc., 32 F. Supp. 3d 1193, 1198
(M.D. Fla. 2014)                                                                                         11, 13

Cunningham v. Rapid Response Monitoring Servs., 251 F. Supp. 3
d 1187, 1200-01 (M.D. Tenn. 2017)                                                        11

Simmons v. Charter Communs., Inc., 222 F. Supp. 3d 121, 130- 31
(D. Conn. 2016)                                                                                          11

Ruston v. Dallas County, No. 3:07-cv-1076-D, 2008 WL 958076
at *2 (N.D. Tex. Apr. 9, 2008)                                                                   11

Thander v. Time Warner, Inc. 352 F. Appx. 891, 900 (5th Cir. 2009)     11

Ferguson v. Mbank Houston, NA, 808 F.2d 358, 360 (5th Cir. 1986)     11

Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir. 1986).                        11

Bell v. Hood, 327 U.S. 678, 681-82, 66 S. Ct. 773, 90 L. Ed.
939 (1946)                                                                                                  13

Murray v. GMAC Mortg. Corp., 434 F.3d 948, 954 (7th Cir. 2006)          13

Abramson v. Oasis Power LLC, No. 2:18-cv-00479, 2018 U.S.
Dist. LEXIS 129090, at *16 (W.D. Pa. July 31, 2018)                    13

Owens Ins. Co. v. European Auto Works, Inc., 695 F.3d 814,
819-20 (8th Cir. 2012)                                                 14

Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 649-50
(4th Cir. 2019                                                         14

Klein v. Commerce Energy, Inc., 256 F. Supp. 3d 563,
576 (W.D. Pa. 2017)                                                    15

Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012)             15

Camunas v. Nat'l Republican Senatorial Comm., No. 21-1005,
2021 WL 2144671, at *6 (E.D. Pa. May 26, 2021)                         16

Davis v. D.R. Horton, Inc., No. 19-1686, 2020 WL 1244848,
at *2 (D. Del. Mar. 16, 2020)                                          16

Twombly, 550 U.S. at 570, 127 S.Ct. At 1974)                           16

Rosales v. Heath, No. 8:17CV87, 2019 U.S. Dist. LEXIS
225294, at *9 (D. Neb. June 27, 2019)                                  16

Hunsinger v Ellis Acquisitions, LLC, Case No. 3:21-cv-00804-B          16

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637,
639 (7th Cir. 2012)                                                    16

Lawrence v. Texas, 539 U.S. 558 (2003)                                 17

4

## STATUTES AND REGULATIONS

| | |
|---|---|
| 47 C.F.R. §64.1200(c)(2). | 8 |
| 47 U.S.C. § 227(c)(5) | 8, 10, 13 |
| 47 C.F.R. § 64.1200(c)(2). | 8, 13 |
| CFR 64.1200(A)(1) | 8 |
| CFR 64.1200(c)(2)(ii) | 8 |
| CFR 64.1200(a)(1)(6) | 8, |
| CFR 64.1200(d)(1) | 8, 9 |
| 47 U.S.C. §§ 227(c) | 10, 11, 14, 15 |
| 47 U.S.C. § 227(d)(1)-(6) | 8 |
| 47 U.S.C. § 227(d)(1)-(4) | 10 |
| 47 U.S.C. §§ 227(c)(1)-(6) | 10 |
| 47 CFR § 64.1200(d) | 10, 11, 16 |
| 47 U.S.C. § 227(c)(5) | 10, 11, 15 |
| 47 C.F.R. § 64.1200 | 11 |
| CFR 64.1200(d)(2) | 12 |
| 47 U.S.C. § 227(c)(1) | 15 |

5

## **OTHER AUTHORITIES**

Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012).   7

https://www.ftc.gov/tips-advice/business-center/
guidance/qa-telemarketers-sellers-about-dnc-provisions-tsr            Online

FTC.gov                                                                Online

## **RULES**

Fed. R. Civ. P. 12(b)(6)                                               7

## **APPENDIX**

PLAINTIFF'S APPENDIX IN SUPPORT OF PLAINTIFF'S
RESPONSE TO DEFENDANTS MOTION TO DISMISS
AND REQUEST OF VEXATIOUS LITIGANT (Document #8)             Appendix

## INTRODUCTION

Generally across the nation, it is said nobody likes telemarketing calls.  In Texas it comparable to fire ants.  Nobody likes them and wants anything to do with them and wished they would all go away.  The Telephone Consumer Protection Act of 1991 (TCPA) for the most part "prohibits telemarketing and robocalls to cell phones and home phones."  Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020)

The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice without the call recipient's prior express consent. See 47 U.S.C. § 227(b)(1)(A) & (B); In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012).

To state a claim upon which relief can be granted, a complaint must contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007).

7

## **FACTUAL BACKGROUND**

The National Do Not Call Registry allows for the registration of telephone numbers to indicate a desire not to receive telephone solicitations at those numbers. See 47 C.F.R. §64.1200(c)(2).   Plaintiff has registered his phone number on the DNC Registry.   See **Exhibit A** and **B**.   A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.   The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).   Plaintiff has not removed his number from the DNC Registry.   See Affidavit of Joe Hunsinger, **Exhibit B**.

In Count 1.  The TCPA laws are very clear, anyone participating in a telemarketing scheme can be held liable.  Plaintiff has accused Defendant of these very actions. An LLC does not run amok by itself, it is the officers and the employees who run the day to day operations and can be held liable for TCPA violations.  Defendant Micheal Schultz is the officer who created the telemarketing plan on obtaining new business.  In doing so they have violated CFR 64.1200(c)(2) and CFR 64.1200(A)(1) by initiating calls to the Plaintiff.

In Count 2.  The Defendants do not have Plaintiffs consent to be called which is a violation of CFR 64.1200(c)(2)(ii).

In Count 3.  Defendants do not have a written policy in place to avoid liability of their TCPA violations.  CFR 64.1200(a)(1)(6).

In Count 4.  Defendants clear received Plaintiffs DNC Policy request but did not receive it.  This is a violation of CFR 64.1200(d)(1).

8

In Count 5 Plaintiff is demanding treble damages.   Burden is shifted on to the Defendant to prove they are exempt from liability.  They cannot.  They were told to stop calling and they contained to call and harass the Plaintiff.   **Exhibit C** and **Exhibit D**. And especially, Did Defendant initiate communication with the Plaintiff. Plaintiffs Complaint clearly states he requested Defendants DNC Policy.   His request was received sent on 10-11-2021.  Here we go again, who in their right mind would have their DNC Policy in their possession and refuse to send it out? When sending it out would avoid Plaintiffs  Count 5 violation of CFR 64.1200(d)(1).


The TCPA laws are also very clear, telemarketers are not allowed to hide their identities when calling.  This is to say – telemarketers must give their name and business name when placing their telemarketing calls.  Plaintiff has accused the Defendant of this (not identifying themselves), so... does this mean you catch a tiger by the tow and the tiger says he is not a tiger so you let him go?   No. Discovery must be completed to shine light on these telemarketing calls.  Plaintiff has already provided screenshot showing traceability between the parties, **Exhibit E**.  The contract Defendant sent to the Plaintiff readily gives the true identity of the callers in violation of the TCPA.   **Exhibit F**. The email Defendant sent to the Plaintiff also helps in the identifying process.  **Exhibit G.**   In Count 6 Plaintiff has the right to ask the court for an injunction against the Defendant to stop violating the TCPA.


In Count 7 Plaintiff is demanding damages for trashing his time and the nuisance it has caused.  It is well understood that "the right to be let alone" is on of the most valued rights in a civilized society. See Olmstead v. United States, 277 US. 438 (1928).  And "the right of privacy is a right distinctive in itself and not incidental to some other recognized right for breach of which an action for damages will lie." Billings v Atkinson, 489 S.W.2d 858, 861 (Tex. 1973).

9

## **DEFENDANTS ARGUMENTS**

1    Defendants turn a blind eye to the statutory intent of the TCPA.   In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205(5th Cir. 2007).

Plaintiffs Complaint (Docket No 3) and his Exhibits in this Motion push him over the threshold most favorable to him.

2    Defendants Factual background is misleading. Plaintiff has every right to bring suit against a person who violates the TCPA against him.  Plaintiff has not ever been sanctioned by a court for not following the rules or unwilling to participate in the discovery process, etc.

There is nothing wrong with coming to an amicable settlement agreement. In fact it is part of what the court wants out of litigation between the parties. In fact, all parties are actually benefited by an amicable agreement, sooner than later.

3    Defendants Motion to Dismiss misses the point and Defendants case authorities are not relevant to the Plaintiff in this case. 47 C.F.R. §§ 64.1200(d)(1)-(6). Courts across the country have held that the 47 U.S.C. § 227(c)(5) provides a private right of action for claims premised on violations of the TCPA implementing regulations promulgated pursuant to 47 U.S.C. §§ 227(c)(1)-(4), including specifically 47 CFR § 64.1200(d). E.g., Charvat v. NMP, Ltd. Liab. Co., 656 F.3d 440, 449 (6th Cir. 2011) (holding that 47 CFR § 64.1200(d) implements 47 U.S.C. § 227(c) and that 47 U.S.C. § 227(c)(5) provides a private right of action for violation of 47 CFR § 64.1200(d)); Wagner v. CLC Resorts & Devs., Inc., 32 F. Supp. 3d 1193, 1198 (M.D. Fla. 2014) (finding an alleged violation of 47 CFR § 64.1200(d) sufficient to support claim a under 47 U.S.C. § 227(c)(5)).

10

This is because "[w]hile many portions of 47 C.F.R. § 64.1200 could arguably be attributed to more than one subsection of the TCPA, ... the internal do-not-call procedures of 47 C.F.R. § 64.1200(d) fit cleanly under the rubric of 47 U.S.C. § 227(c)'s mandate to adopt adequate donot-call regulations." Cunningham v. Rapid Response Monitoring Servs., 251 F. Supp. 3d 1187, 1200-01 (M.D. Tenn. 2017); see Simmons v. Charter Communs., Inc., 222 F. Supp. 3d 121, 130- 31 (D. Conn. 2016) ("A violation of subsection (d) gives rise to TCPA liability under section 227(c)(5).").

Defendant is asking the court to declare Plaintiff a vexatious litigant and offers 3 cases in its attempts to paint Plaintiff in a bad light.  Ruston v. Dallas County, No. 3:07-cv-1076-D, 2008 WL 958076 at *2 (N.D. Tex. Apr. 9, 2008) and Thander v. Time Warner, Inc. 352 F. Appx. 891, 900 (5th Cir. 2009) and Ferguson v. MBank Houston, NA, 808 F.2d 358, 360 (5th Cir. 1986) Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir. 1986).   Wow, 3 complete inoposite cases, with respect to the Plaintiff.

Ruston was a prisoner who was found to have filed 3 frivolous and malicious lawsuits in form a puaperus.  Plaintiff has not filed frivolous lawsuits and has always paid his costs. Thander (actually Thaneder) is an unpublished opinion from the far away state of Illinois.  The court narrowly prevented  Thaneder from filing any motions or actions that directly raised issues addressing the the instant case. Thaneder refused to attend depositions and failed to respond to discovery requests.  And the district court concluded it was one of the grossest abuses observed in the course of 22 years of the federal bench.  Ferguson was found to be frivolous and irrational and filed another similar suit against the same parties. He was doing this to harass others.  Day disregarded district court orders and verbally abused defendants attorneys in a deposition.  And then he verbally attacked the district judge himself, judge's law clerks, and various others court officers. Defendant has failed to bring up cases involving the TCPA that directly apply to Plaintiffs allegations.

## PLAINTIFFS ARGUMENTS

Without the identifying information and the rules of evidence needed to bring a successful action in court, if would be impossible to ascertain the true identities of the calling parties because they do not give out their real names.   Without traceability and the true identity of the initiating callers, It would not pass the summary judgment stage.

Defendant completely ignores the fact that Defendant is in the business of making telemarketing and robocalls *to generate new business*.  No where in the TCPA law does it mandate a consumer to: "must" or "shall" inform the telemarketer he is on the DNC Registry.    In the Past for years, Plaintiff has told almost every telemarketer that called him he was on the DNC Registry and the responses were either "I am sorry" or just plaint hung up on and the such.  Plaintiff has every right to give out his email the TCPA violator to find out their true identity.

Plaintiffs Complaint clearly points out Defendants violations of the TCPA.  Despite Defendants protestations and accusations of a vexatious litigator, Plaintiffs Complaint does not rely on speculation or conjecture.  Instead interaction is further explained in the Complaint and how it is consistent with Defendants business model.  The Exhibits provided back up Plaintiffs allegations.  Plaintiffs Complaint explains that the Defendant offers to buy properties and it does through telemarketing using the phone and text messages and email.  At no point did Plaintiff initiate <u>and</u> solicit information regarding the services of the Defendant. Defendant drew first blood, Defendant initiated and solicited the Plaintiff first.

As soon as Plaintiff obtained Defendant's true identity, Plaintiff asked to be removed from their internal calling list and to be sent a copy of their DNC Policy. Plaintiff did not receive their DNC Policy.  **Exhibit C**.  That is a violation of CFR 64.1200(d)(2).

12

Plaintiff does not loose his rights by exercising them. Can any one loose their rights by talking too much? No. Defendant is pointing out that Plaintiff has filed over 50 lawsuits, but it does not take into considerations the judgments and offers of judgments he has obtained. Again, there is nothing wrong with settling a case.

Defendants Motion to Dismiss ignore the some of Plaintiffs common questions of law and fact that are in controversy and have not been resolved from his complaint. Under the TCPA any call is a violation.

The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

A facial attack is made by the mere filing of a Rule 12(b)(1) motion, at which point "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." Id. If those allegations sufficiently allege a claim for recovery the complaint stands and the federal court must entertain the suit. Id.; see also Bell v. Hood, 327 U.S. 678, 681-82, 66 S. Ct. 773, 90 L. Ed. 939 (1946).

For many years Plaintiff told the unwanted callers to stop calling and they did not stop. One day Plaintiff had enough and decided to do something about it. Plaintiffs, as private citizens motivated to fight back against illegal telemarketers, are precisely the sort of plaintiffs Congress intended the TCPA to protect, and fit squarely within the TCPA. Indeed, "[n]othing in the Constitution ... requires a plaintiff to be a naïf. Litigation is not college athletics: there is no 'amateurs only' rule." Cunningham v. Rapid Response Monitoring Servs., 251 F. Supp. 3d at 1195. See also Murray v. GMAC Mortg. Corp., 434 F.3d 948, 954 (7th Cir. 2006)

13

The results are positive in Plaintiffs personal life.    Plaintiff is receiving less unwanted calls.   Plaintiff was never seeking these unwanted calls.   ("It implies experience, if not expertise. The district judge did not cite a single decision supporting the proposition that someone whose rights have been violated by 50 different persons may sue only a subset of the offenders."); Abramson v. Oasis Power LLC, No. 2:18-cv-00479, 2018 U.S. Dist. LEXIS 129090, at *16 (W.D. Pa. July 31, 2018) ("As other courts addressing this issue have agreed, a citizen's decision to aggressively enforce his rights under the TCPA should not negate otherwise valid privacy interests").

Defendants' calls invaded Plaintiffs' privacy and were a nuisance. Nuisance and invasion of privacy are the precise harms that Congress sought to prevent in enacting the TCPA. See 47 U.S.C. § 227 (Congressional Findings). See also Owens Ins. Co. v. European Auto Works, Inc., 695 F.3d 814, 819-20 (8th Cir. 2012) ("[T]he ordinary meaning of the term 'right of privacy' easily includes violations of the type of privacy interest protected by the TCPA.").

But this is simply not the case, as the Fourth Circuit Court of Appeals has explained with respect to TCPA in a case where a judgment was sustained for over $61,000,000 following a trial where Dish Network was found to have an agent contact individuals on the National Do Not Call Registry, "this private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 649-50 (4th Cir. 2019).

14

Plaintiffs Complaint is not vague or insufficient to form a the bases of a lawsuit.

Accordingly, "[i]f proposed interpretations of the TCPA are equally plausible, the scales tip I n favor of the consumer." Klein v. Commerce Energy, Inc., 256 F. Supp. 3d 563, 576 (W.D. Pa. 2017). Thus, if this Court has any doubts despite the above authority regarding the application of the statute to cover unsolicited calls to cellular telephones, this Court should tip the scales in favor of Plaintiff.

Plaintiff brings this action under the TCPA, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012). § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

The laws of the TCPA and to everybody's understanding is an unsolicited call/text are illegal period.     Defendant clearly ignores Plaintiffs Complaint and the Defendant is the one who has come to the table with unclean hands and is pulling bunny rabbits out of hats as evidence and case law.  This is the start of a lawsuit, enough facts have been alleged and Plaintiff has supplied a copy of his DNC registration.  **Exhibit B. Exhibit B** is a _fact_.  If Defendant disbelieves Plaintiffs **Exhibit A** and **B** they should have done so in their Discovery and at the Summary Judgment stage with evidence provided directly from the FTC.gov about Plaintiffs verification of registration.

Section 64.1200(d) and § 227(c) are similar in that they are both principally concerned with the protection of individual privacy rights. See Rosenberg, 435 F. Supp. 3d at 324 (noting that the primary purpose of § 227(c) is to ensure that subscribers "avoid receiving telephone solicitations to which they object."). This is exactly what Plaintiff is complaining about and Defendant continued to contact Plaintiff. **Exhibit C** and **D.**

15

However, even though a plaintiff "will rarely, if ever, know the specific functionality of a system used by a defendant" before discovery, the plaintiff must still allege sufficient facts to "nudge" his claim "across the line from conceivable to plausible." *Camunas v. Nat'l Republican Senatorial Comm.*, No. 21-1005, 2021 WL 2144671, at *6 (E.D. Pa. May 26, 2021) (quoting *Davis v. D.R. Horton, Inc.*, No. 19-1686, 2020 WL 1244848, at *2 (D. Del. Mar. 16, 2020) and *Twombly*, 550 U.S. at 570, 127 S.Ct. At 1974)   Plaintiff is proofing Defendant has called him numerous times in the past 4 years.

Plaintiff did not give his consent to be contacted.  Consent under the TCPA is an affirmative defense. See Rosales v. Heath, No. 8:17CV87, 2019 U.S. Dist. LEXIS 225294, at *9 (D. Neb. June 27, 2019) ("The FCC ruled that 'if any question arises as to whether prior express consent was provided by a call recipient, the burden is on the caller to prove that it obtained the necessary prior express consent.' Consistent with that burden, all circuit courts deciding the question of whether consent is part of a prima-facia TCPA case or an affirmative defense have concluded that consent is an affirmative defense".)

Defendant brings up Hunsinger v Ellis Acquisitions, LLC, Case No. 3:21-cv-00804-B. Plaintiff had filed a lawsuit against Ellis due to an "Ashley Schultze's" illegal calls. Ashleys last name is very similar to Defendants Michael Schuze last name and Defendants attorney is providing information only known to the parties – this would lead the Plaintiff to believe they know each other or are related to each other. Only after discovery is completed will it be known if Ashley has changed her name by one letter in, her last name, to be used as a public contact.  And, "like the buckets enchanted by the Sorcerer's Apprentice, [they] continue until stopped by their true master." Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 639 (7th Cir. 2012).

16

Defendant has not come out in the open and disclosed how they obtained Plaintiffs phone number or to explain their business practice.  Defendants motion to dismiss claims Plaintiff baited them, but has failed to explain how he did this.  Telepathy? No.  Upon obtaining Defendants true identity, Plaintiff sent  notice to to Defendant to stop calling him on 10-11-2021 at 956 AM.  Plaintiff did this so that the calls would stop.  Unfortunately the calls did not stop and Defendant continued to call the Plaintiff on 10-11-2021 at 11:03 AM and 4:15 PM.  **Exhibit C** and **D**. The right to privacy is also protected under the Constitution. See, e.g., Lawrence v. Texas, 539 U.S. 558 (2003).

Defendants Motion to Dismiss ignore the some of Plaintiffs common questions of law and fact that are in controversy and have not been resolved from his complaint.

Whether Defendant(s) sent Plaintiff their DNC policy when it was requested;

Whether Defendant(s) uses telemarketing to obtain new customers;

Whether Defendant(s) written DNC policy was  shared with anyone "on demand.";

Whether Plaintiff requested Defendant's DNC Policy;

Whether Defendant(s) have a process in place to monitor calls to prevent violations of the do not call list;

Did Defendants call Plaintiff more than one time within any 12 month period  more than 30 days after he registered his residential phone number on the National Do Not Call Registry;

Whether Defendant called the Plaintiff after they were told to stop calling;

Whether Plaintiff told the Defendant to stop calling.

17

For the reasons stated herein, the Plaintiff has put Defendant on clear notice of his claim against them. However, if the Court disagrees the Plaintiff requests that he be permitted leave to amend is complaint.


Joe Hunsinger
Plaintiff Pro-Se
7216 C.F. Hawn Frwy.
Dallas, Texas  75217
214-682-7677
joe75217@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent to the Defendant.


Joe Hunsinger
Plaintiff Pro-Se
7216 C.F. Hawn Frwy.
Dallas, Texas  75217
214-682-7677
joe75217@gmail.com